[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12949
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20768-WPD-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON COLEMAN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 12, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Clinton Coleman, Jr. appeals his convictions and sentences for conspiring to import cocaine into the United States, 21 U.S.C. §§ 952(a), 960(b)(1)(B), 963, and conspiring to possess with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846, as well as the denial of his motion for new trial based on the weight of the evidence. On appeal, Coleman first argues that the trial evidence was insufficient to support his convictions. Second, he contends that the court abused its discretion by denying his motion for new trial. Finally, he argues that his total 135-month sentence is unreasonable. After review,[1] we affirm.

## I. DISCUSSION

*A. Sufficiency of the Evidence*

Coleman first contends that the evidence was insufficient because it was based only on circumstantial and speculative evidence and the testimony of a confidential informant (CI), who Coleman submits was not credible. He further argues that, because he was acquitted of substantive charges but convicted of the related conspiracy charges, the verdicts were inconsistent.

---

[1] When the defendant has challenged the sufficiency of the evidence by an appropriate motion for judgment of acquittal, we review *de novo* whether there is sufficient evidence to support a conviction. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We review the district court's disposition of a motion for new trial for abuse of discretion. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict, but instead may weigh the evidence and consider the credibility of the witnesses. *Id.* Finally, we review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

To sustain a conviction for conspiracy to distribute a controlled substance under 21 U.S.C. § 846, "the government must prove that 1) an agreement existed between two or more people to distribute the drugs; 2) that the defendant at issue knew of the conspiratorial goal; and 3) that he knowingly joined or participated in the illegal venture." *United States v. Brown*, 587 F.3d 1082, 1089 (11th Cir. 2009) (quotation omitted).  To sustain a conviction for conspiracy to import a controlled substance under 21 U.S.C. § 960, "the government must prove that there existed an agreement between two or more persons to import narcotics into the United States and that the defendant knowingly and voluntarily participated in that agreement." *United States v. Arbane*, 446 F.3d 1223, 1228 (11th Cir. 2006).

There is a reasonable basis in the record for both convictions.   The evidence supports the conclusion that Coleman knew about the goal of the conspiracies to import and distribute drugs and knowingly participated in the ventures.  At trial, the Government produced an audiotape of Coleman discussing the conspiracy on the night the cocaine was seized at the port, in which Coleman provided to the CI the size and location in the cargo ship of the container in which the cocaine was stowed.  Law enforcement agents testified that the container Coleman described was the one they later seized and which was ultimately found to contain a cocaine shipment.  Further, Coleman and the CI discussed compensation and back pay from prior deals and whether payment would be made in cash or in kind, requiring

the conspirators to engage in further drug deals.  The CI testified to explain the import of the conversations, and although Coleman attacks the informant's credibility on appeal, "the jury gets to make any credibility choices, and [this Court] will assume that they made them all in the way that supports the verdict." *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1238 (11th Cir. 2009) (quotation omitted).  In addition, the Government produced evidence that Coleman made only four phone calls to other members of the conspiracy in the weeks leading up to the seizure, but made dozens of calls on the day before the cocaine shipment arrived, the day of, and the day after.  *See United States v. Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995) (holding that the inference of participation from presence and association with conspirators is "a material and probative factor that the jury may consider in reaching its verdict" (quotation omitted)).  Taken in the light most favorable to the Government, the evidence is sufficient to show Coleman knowingly participated in the conspiracy to import and distribute the cocaine.  *See United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010) (reiterating that in reviewing for sufficiency of the evidence, we view the record in the light most favorable to the government and resolve all reasonable inferences in favor of the verdict; accordingly, a defendant's conviction will be sustained as long as there is a reasonable basis in the record for it).

Contrary to Coleman's assertions, acquittal on the substantive counts does not foreclose convictions for the related conspiracies. *United States v. Corley*, 824 F.2d 931, 935 (11th Cir. 1987) ("[C]onspiracy and the related substantive offense which is the object of the conspiracy are considered separate and distinct crimes. An acquittal on the substantive count does not foreclose prosecution and conviction for a related conspiracy." (citations and footnote omitted)).  Similarly, Coleman's assertion that the evidence was circumstantial and thus insufficient to convict him also fails. *See United States v. Williams,* 390 F.3d 1319, 1324 (11th Cir. 2004) (stating that whether the evidence is direct or only circumstantial, this Court will accept all reasonable inferences that tend to support the Government's case).

*B. Motion for New Trial*

Coleman argues that the court abused its discretion by denying his motion for new trial, as the court did not properly weigh the circumstantial evidence presented at trial, consider the witnesses' credibility, or recognize the inconsistencies in the CI's testimony.  However, as discussed above, there was evidence that Coleman knowingly joined in the conspiracies to import and distribute cocaine.  Coleman's challenges to the Government's evidence, such as the alleged inconsistencies in the CI's testimony (which were in any event reconciled), are insubstantial. *See  United States v. Martinez*, 763 F.2d 1297, 1313

5

(11th Cir. 1985) ("[C]ourts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies."). The weight of the evidence presented at trial does not preponderate heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand. *See id.* at (stating that in order for a new trial to be proper, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand").

## C. Unreasonableness of Sentence

Finally, Coleman challenges the reasonableness of his sentence. *See United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008) (describing two-part reasonableness inquiry). He contends the district court erred when it imposed a fifteen-month upward variance over the ten-year statutory minimum. Coleman has not demonstrated that his sentence is either procedurally or substantively unreasonable. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) ("The party challenging the sentence has the burden of demonstrating that it is unreasonable in light of the record and the § 3553(a) factors."). The record shows that the court weighed the § 3553(a) factors before imposing Coleman's sentence, such as his history, his characteristics, and the need to impose a sentence that acts as a deterrent to others. *See Gall v. United States*, 552 U.S. 38, 51 (2007); 18

6

U.S.C. § 3553(a)(2).  It explained in detail that Coleman's statements at sentencing convinced it that the court needed to impose a sentence that promotes respect for the law.  *See id.*; *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . .").

In addition, Coleman's 135-month sentence was well below the statutory maximum penalty of life imprisonment for each count, an indicator of a reasonable sentence.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Coleman has not established that the court improperly weighed the sentencing factors, committed a clear error of judgment, or unjustly relied on one factor to the detriment of all the others.  *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Finally, Coleman's contention that the court improperly calculated the guideline range by erroneously applying an enhancement under U.S.S.G. § 3C1.1 is without merit.  The court imposed an upward variance based on its conclusion that a within-Guidelines sentence was insufficient, not an enhancement under § 3C1.1.

## II. CONCLUSION

For the reasons stated above, we affirm Coleman's convictions and his sentence.

**AFFIRMED.**